MILLER vs. MORGAN.

Appeal from the court of the first district.

Porter, J. delivered the opinion of the

court. This is an action against the sheriff of the parish of New-Orleans, for seizing certain property of the plaintiff's under a writ of *fieri facias*, in opposition to his wishes and request. The petition states that other property was pointed out to the defendant, and that he was requested to levy on it.

Eastern Dist.
*June*, 1827,

MILLER
*vs*,
MORGAN,

The sheriff is bound to seize the property pointed out by he defendant, in the execution.

The answer consists of a general denial, and an allegation that the defendant made the seizure under a writ of execution issued in favor of one Miller against the plaintiff.

The cause was tried in the inferior court by a jury who found a verdict in favor of the plaintiff with one cent damages. The defendant appealed and in this court has made the following points.

1. That the defendant obeyed the order of the court on the execution issued, which required him in *tolidem verbis*, to seize and sell first the personal property of the defendant.

2. There is no other evidence that any other property situated within the parish, unincumbered and belonging to the defendant, was offered to the sheriff to satisfy the execution.

The third is a deduction of law from these grounds, and doesnot require to be particularly noticed.

Eastern Dist.
*June*, 1827.

MILLER
*vs.*
MORGAN.

I. The 646th article of the code of practice, directs the sheriff in executing a writ to first seize moveables, "unless the debtor point out himself to the sheriff what property he wishes to have seized and sold first: provided the property thus pointed out be situated in the parish."

The defence drawn from the phraseology of the writ cannot avail the defendant. The order in which the defendant is directed by it to seize property, is that commanded by the law, and any other would be erroneous. But the same law which directs the property to be levied on in this manner, contains an exception when the defendant points out any particular object on which he wishes the levy to be made. And whenever a case coming within this exception is presented to the sheriff, it is his duty to act under the rule provided for such an occurrence, and not under the general regulation which does not contemplate any interference on the part of the defendant in execution.

II. The second ground of defence appears also to us untenable. The statement of facts admits that property was pointed out to the defendant, of sufficient value to satisfy the amount of the *fieri facias*, if that property was so situated as to place the defendant within the *pro-*

*viso* of the statute, it was his duty to prove it.

3 *Johnson*, 438, 4 *ibid* 304.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Carleton & Lockett* for the plaintiff, —— for the defendant.